JOHN B. KERR, AS RECEIVER OF THE HUDSON RIVER BRICKMAKERS' ASSOCIATION, v. CHARLES KREU-DER.

*Execution — application for leave to issue it, after the death of the judgment debtor — Code of Civil Procedure, secs. 1380, 1381.*

Where, after the expiration of one year from the time of the death of a judgment debtor, leave to issue an execution upon the judgment is applied for, the permission of the Surrogate's Court need not precede the application to the Supreme Court.

No notice need be given of the proposed presentation of the petition to the Surrogate's Court for leave to issue the execution. Upon the presentation of the petition, however, the surrogate must issue citations to all persons interested, unless they appear voluntarily, in which case they will be bound by the decree, though no citations be issued.

APPEAL from an order made at a Special Term, denying a motion made by the assignees of the judgment recovered in this action for leave to issue an execution thereon.

*William McCauley, Jr.*, for John W. Gillies and Brewster J. Allison, appellants.

*Seth B. Cole*, for the respondent.

BARNARD, P. J.:

On the 9th day of February, 1878, the plaintiff as receiver of the Hudson River Brick Making Association, recovered a judgment in this court for $1,729.58, against one Charles Kreuder. Kreuder died on the fifteenth of the same month. The judgment is wholly unpaid, and there is no personal property out of which the payment

of the judgment can be made. The plaintiff assigned the judgment to John W. Gillies and B. J. Allison, who are the present owners of the judgment which is wholly unpaid. These assignees ask leave to issue an execution upon the judgment. The case is provided for by section 1380 of the Code. After one year an execution may be issued upon the judgment " with like effect as if the judgment-debtor was still living ; " leave is required to be obtained from the Surrogate's Court, and from the court out of which the execution is to be issued. Leave has been obtained from the Surrogate's Court. No notice of the presentation of the petition for leave was required in that court. The parties, however, who were interested appeared upon the presentation of the petition and made their objection. Otherwise, they must have been cited under section 1381 of the Code. Having appeared without citation they are bound by the decree. If the surrogate's leave has not been obtained, it is no defense to this application. Such leave may be granted at any time. There is no requirement that the leave of the surrogate must precede the application to this court. It seems that the deceased defendant left real estate. The decedent's widow claims the land to be her own, but that fact cannot be tried upon affidavits. The petitioners have the right to test her title, and to that end they should have their execution.

The order denying leave should be reversed, with costs and disbursements, and leave granted.

GILBERT and DYKMAN, JJ., concurred.

Order denying leave to issue execution reversed, with costs and disbursements, and leave granted.